UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOANNE BRAASCH, <br><br> Plaintiff, <br><br> v. <br><br> MONEY MATTERS PROFESSIONAL COLLECTIONS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:20-cv-00948 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JOANNE BRAASCH ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of MONEY MATTERS PROFESSIONAL COLLECTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business and resides within the Northern District of Indiana, and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Pulaski County, Indiana, which is located within the Northern District of Indiana.

5. Defendant "is a full service collection agency…specializing in healthcare."[1] Defendant's principal place of business, and registered agent – Christina S. Adkison, are located at 2250 Lake Avenue, Suite 120, Fort Wayne, Indiana 46805.  Defendant regularly collects upon consumers located within the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from dental services that Plaintiff allegedly incurred with *Rochester Dental Center* ("the original creditor").

9. After Plaintiff's purported default with the original creditor, the subject debt was assigned to Defendant for collection purposes.

10. On or about November 3, 2020, Defendant mailed, or caused to be mailed, to Plaintiff a collection letter seeking collection of the subject debt ("the collection letter").

11. The collection letter is contained a single line item setting forth the subject debt and corresponding "AMOUNT," "INT," "FEES," and "TOTAL," as seen below:

---

[1] https://www.mmpcollections.com/

```
Total Amount Due:
ACCT #  CLIENT                  AMOUNT    INT   FEES    TOTAL
25203   Rochester Dental Center  143.56         50.00   193.56
```

12. Plaintiff was confused by the collection letter, as based on Defendant's itemization of the subject debt, Plaintiff was unaware as to whether the $50.00 applied to "INT," which Plaintiff assumed was interest, or "FEES."

13. Plaintiff's confusion was further exacerbated by the fact that Plaintiff never signed any contract with the original creditor authorizing the imposition of interest and/or fees in the event of a default.

14. Moreover, nowhere in the collection letter did Defendant include the original date of service in connection with the subject debt

15. Given Defendant's imposition of interest and/or fees, however, Defendant is underscoring that the subject debt is variable.

16. As *Fields v. Wilber,* 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and some other sort of charges, yet fails to itemize or otherwise explain the charges additional to principal which comprise the overall balance of a particular debt.

17. Defendant's failure in this regard deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as she was confused and left wondering the nature of extent of her overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt.

3

18. Confused and concerned by the nature of Defendant's collection letter, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

19. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.  Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2001.[2]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692e**

---

[2] https://www.acainternational.org/search#memberdirectory

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated § 1692e, e(2)(A), and e(10) through its failure to clearly and fairly communicate information regarding the amount of the subject debt to Plaintiff in its collection letter. The collection letter contained a single line item setting forth the subject debt and corresponding "AMOUNT," "INT," "FEES," and "TOTAL, with $50.00 listed directly in between the interest and fees column. Plaintiff never had any relationship with Defendant, and based on Plaintiff's agreement with the original creditor, Defendant did not have the ability to add any interest and/or fees to the underlying balance. Yet, not only did Defendant include this amount, but Defendant misleadingly and confusingly placed that amount in between both columns, leaving Plaintiff to wonder whether that amount applies to interest, fees or both. As circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004). As such, Defendant's failure to explain in its collection letter that the amount sought included add-on expenses additional to principal is in violation of the FDCPA.

28. Defendant further violated § 1692e, e(2)(A), and e(10) in representing that Plaintiff owed $50.00 in fees and/or interest, when such fee/interest was not authorized per agreement or

5

otherwise. For Defendant to represent otherwise, as seen in the collection letter, constituted a false, deceptive, and misleading representation of the actual amount owed on the subject debt.

29. For Defendant to represent otherwise, as seen in the collection letter, constitute, despite the fact that said fee was not expressly authorized by the agreement creating the subject debt, nor authorized by law.

### b.    Violations of the FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

32. Defendant violated §§ 1692f and f(1) when it attempted to collect $50.00 in either fees and/or interest, in addition to the principal balance of $143.56. Defendant's charging of any fee and/or interest was not authorized per agreement or otherwise, and therefore, Defendant was not legally entitled to collect that amount from Plaintiff.

WHEREFORE, Plaintiff, JOANNE BRAASCH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 9th day of November, 2020.        Respectfully Submitted,

 /s/ *Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Joanne Braasch*